IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | 2:21-cv-663 |
| | ) | |
| TALLASSEE AUTOMOTIVE, INC., and | ) | **JURY DEMAND** |
| LIECHTY AUTOMOTIVE MANAGEMENT, LLC, | ) | |
| | | |
| Defendant. | | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for employment discrimination instituted pursuant to the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §621 *et seq.*, Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981 (hereinafter "§1981"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Howard Hall (hereinafter "Plaintiff") timely filed a charge of discrimination against defendant Tallassee Automotive, Inc. (hereinafter "Tallassee Automotive") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Defendant Liechty Automotive Management, LLC (hereinafter "Leichty Automotive") answered that EEOC charge

and averred therein that it operated Tallassee Automotive and that it employed Plaintiff. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Tallassee Automotive is an Alabama corporation with a principal place of business in Tallassee, Alabama.

5. Liechty Automotive is a Georgia limited liability company with a principal place of business in LaGrange, Georgia. Tallassee Automotive and Liechty Automotive are collectively referred to herein as "Defendants."

## III. FACTS

6. Plaintiff is Caucasian.

7. Tallassee Automotive owns two automotive dealerships in Tallassee, Alabama: a Ford dealership and and Chrysler/Jeep/Dodge/Ram dealership.

8. Liechty Automotive owns Tallassee Automotive and/or operates the two dealerships referenced above as well as two KIA dealerships in LaGrange, Georgia and Auburn, Alabama.

9. In or about June of 2020, Plaintiff became employed by Defendants as the Parts & Service Manager over the two dealerships in Tallassee.

10. Plaintiff was hired by Scott Anderson, Liechty Automotive's Vice-President and the Director of Operations over the two dealerships in Tallassee.

11. Under Anderson was Rob Manohar, the General Manager over both Tallassee dealerships.

12. Manohar was Plaintiff's immediate supervisor.

13. On or about October 26, 2020, Manohar terminated Plaintiff.

14. The only reason Manohar gave Plaintiff was that Defendants were "going in another direction" and that Plaintiff was "not in that direction."

15. Plaintiff had no disciplinary actions or complaints about his performance.

16. In fact, Manohar had recently told Plaintiff that he was doing a good job.

17. Plaintiff called Anderson about his termination.

18. At first, Anderson claimed not to know about it, but then he said that he had to "back" his General Manager.

19. Plaintiff was replaced with Thomas Tolliver.

20. Tolliver is African-American and in his 30's.

21. Tolliver had been assisting Plaintiff's predecessor when Plaintiff was hired.

22. Tolliver remained as Plaintiff's assistant for about four months.

23. Manohar then moved Tolliver to working as supervisor in the parts department.

24. Tolliver had no service experience.

## IV. CAUSES OF ACTION

### COUNT I

### ADEA

25. Paragraphs 1-24 above are incorporated by reference.

26. Defendants were a single employer/ integrated enterprise under the ADEA with respect to the events and claims in this case.

27. Consequently, Defendants were both Plaintiff's employers under the ADEA.

28. Defendants violated Plaintiff's rights under the ADEA by terminating his employment because of his age.

29. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated the ADEA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate the ADEA;

(iii) That the Court enter an Order requiring Defendants to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing lost back-pay and benefits, and ordering Defendants to pay liquidated damages;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## TITLE VII

30. Paragraphs 1-24 above are incorporated by reference.

31. Defendants were a single employer/ integrated enterprise under Title VII with respect to the events and claims in this case.

32. Consequently, Defendants were both Plaintiff's employers under Title VII.

33. Defendants violated Plaintiff's rights under Title VII by terminating his employment because of his race.

34. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendants to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay),

providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT III

### §1981

35. Paragraphs 1-24 above are incorporated by reference.

36. Defendants were a single employer/integrated enterprise under §1981 with respect to the events and claims in this case.

37. Consequently, Defendants were both Plaintiff's employers under §1981.

38. Defendants violated Plaintiff's rights under §1981 by terminating his employment because of his race.

39. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated §1981;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate §1981;

(iii) That the Court enter an Order requiring Defendants to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

*/s/ Adam M. Porter*

Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

*/s/ Adam M. Porter*
-----
Attorney for Plaintiff

Defendants' Addresses:
Tallassee Automotive, Inc.
c/o Jessie Liechty, Registered Agent
1687 South College St.
Auburn, AL 36830

Liechty Automotive Management, LLC
c/o E. Scott Anderson, Vice-President
1217 Lafayette Parkway
LaGrange, GA 30241